IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jason Sharpe and Joyce Sharpe, | ) |
| Plaintiff, | ) C.A. No. 8:09-CV-02784-JMC |
| v. | ) |
| | ) **OPINION AND ORDER** |
| Household Finance Corporation II and Household Financial Services, | ) |
| Defendants. | ) |

This matter is before the court on Defendants Household Finance Corporation II and Household Financial Services' ("Household") Motion to Dismiss Plaintiffs Jason Sharpe and Joyce Sharpes' (the "Sharpes") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Entry #6]. Specifically, Household contends that the Sharpes have failed to file their action within the applicable statute of limitations and that they have failed to properly state facts sufficient to constitute a cause of action against Household. For the reasons set forth below, the court grants Household's motion to dismiss.

### FACTUAL AND PROCEDURAL HISTORY

The Sharpes and Household entered into a settlement agreement on September 3, 2002, resolving certain issues then pending before the South Carolina Court of Common Pleas for the Tenth Judicial Circuit in Anderson County. The Sharpes claim that subsequent to September 11, 2006, they learned that Household reported cancellation of debt income to the Internal Revenue Service, allegedly breaching the terms of the settlement agreement. (*See* Complaint at Exh. A.)

1

Consequently, the Sharpes filed an action against Household in state court alleging breach of contract, breach of contract accompanied by a fraudulent act, and negligence. Household removed the action to this court and filed this motion to dismiss.

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or

incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

## DISCUSSION

Household argues that the Sharpes' action is barred by the statute of limitations. Specifically, Household alleges that the statute of limitations for any breach of contract action should have been brought within three years of the execution of the contract, or September 3, 2005. Because the alleged negligence cause of action arises out of the same facts as the breach of contract action, Household argues that the negligence claim is also time barred as of September 5, 2005.

Under South Carolina law, the statute of limitations for an action "upon a contract, obligation, or liability, express or implied" and for negligence is three years. S.C. Code Ann. §§ 15-3-530(1) and 15-3-530(5) (1976). The discovery rule determines the date of accrual for a claim. *Maher v. Tietex Corp*, 331 S.C. 371, 377, 500 S.E.2d 204, 207 (Ct. App. 1998). Under the discovery rule, an action accrues on the date an aggrieved party either discovered or should have discovered, through reasonable diligence, that a claim has occurred. *Id*. South Carolina's discovery rule does not require actual notice of or knowledge of the full extent of damage or a claim; rather, the rule only requires a party to act promptly to investigate the existence of a claim where facts and circumstances indicate that one might exist. *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645, 647 (1996).

3

In their Complaint, the Sharpes allege that "[s]ubsequent to September 11, 2006, the Plaintiffs learned that Defendants had wrongfully reported to the Internal Revenue Service that Plaintiffs had Cancellation of Debt income of $114,438.00." (Complaint at ¶ 9.) Although Household questions the convenience of when the Sharpes' allegedly learned of their claim because the Sharpes filed their Complaint on the last possible date after notice of the claim, this court must accept the Sharpes' well-pleaded allegations as true in evaluating Household's motion to dismiss based on the statute of limitations. Therefore, given that the Sharpes have alleged that they learned of their claim within the three-year time limitation imposed by the statute, dismissal is not appropriate without further development of facts beyond the Complaint.

However, Household also contends that, even if the Sharpes' action was timely, the Complaint still fails to state a claim. Household contends that the Sharpes have failed in their attempt to plead their breach of contract actions because they have not properly pled the occurrence of a breach of contract. To recover for a breach of contract the plaintiff must allege: (1) a binding contract entered into by the parties; 2) breach of the contract; and 3) damages directly and proximately caused by the breach. *Fuller v. Eastern Fire & Casualty Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). While the Sharpes make the conclusory allegation that a breach of contract has occurred and even incorporate a copy of the settlement agreement into the Complaint by reference, they point to no provision of the settlement agreement that was actually breached by Household. On the other hand, the settlement agreement has no express contractual obligation for Household to refrain from reporting the cancellation of debt income to the Internal Revenue Service. (*See* Complaint at Exh. A.) Moreover, Household asserts that it had a statutory obligation to make

4

such a report.[1] *See* 26 U.S.C. § 6050P ( "Any applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year **shall** make a return . . . setting forth - (1) the name, address, and TIN of each person whose indebtedness was discharged during such calendar year, (2) the date of the discharge and the amount of the indebtedness discharged, and (3) such other information as the Secretary may prescribe.") (Emphasis added). Construing the Sharpes' Complaint liberally, this court cannot draw a reasonable inference that Household is liable for a breach of contract. Therefore, the Sharpes have not stated any claims arising from the alleged breach of contract that are plausible on the face of the Complaint.

Household further argues that the Sharpes have failed to state a claim for negligence. To recover for negligence, a plaintiff must show: (1) the existence of a duty, (2) a breach of that duty by the defendant, (3) an injury, and (4) proximate cause. *See Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E.2d 61 (1984). In this case, the Sharpes make no factual allegations in the Complaint beyond the conclusory statements that Household was negligent in making the report. There is no allegation of the existence of a duty or a breach of a duty. The Sharpes' allegations of negligence are simply too bare to state a claim to relief that is plausible on its face.

Notwithstanding the basic pleading failures of the Sharpes' Complaint, the Sharpes' claim for negligence is also barred by the economic loss doctrine because they have not alleged the existence of any duty that did not arise from their contractual relationship with Household. Under

---

[1] Household has not filed an answer in this matter. However, in reply to arguments made by the Sharpes in Plaintiffs' Amended Memorandum in Support of Their Return to Defendants' Motion to Dismiss, Household asserts that 26 U.S.C. § 6050P requires the disclosure to the Internal Revenue Service. Accordingly, this court takes judicial notice of the statutory requirement.

South Carolina law, there is no tort liability for purely economic loss where duties are created solely by contract. *See Kennedy v. Columbia Lumber & Manufacturing Co.*, 299 S.C. 335, 345-46, 384 S.E.2d 730, 737 (1989). Viewing the Sharpes' Complaint liberally in their favor, the only possible allegation of breach of duty to be found in the pleading arises directly from Household's alleged contractual obligations to the Sharpes based on the settlement agreement. Therefore, because the Sharpes have not alleged that Household breached any duty independent of any contractual obligation, the Sharpes' negligence claim is dismissed under the economic loss doctrine.

For the foregoing reasons, the court **GRANTS** Household's Motion to Dismiss [Entry #6] and dismisses the Sharpes' Complaint without prejudice.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

Greenville, South Carolina
September 30, 2010